HINMAN, ELLSWORTH, AND SANFORD, Js.

---

EMORY A. HAYDEN *vs.* THE SMITHVILLE MANUFACTURING COMPANY.

An employee can not recover for an injury suffered in the course of his employment from a defect in the machinery used by his employer, unless the employer knew or ought to have known of the defect and the employee did not know of it or had not equal means of knowledge.

Every employer has a right to judge for himself how he will carry on his own business, and workmen, having knowledge of the circumstances, must judge for themselves whether they will enter his service.

Where a boy ten years of age was employed in a factory, and was injured by being caught in machinery which it was claimed ought to have been covered in such a

manner as to prevent such an accident, it was held that the question whether at his age he had a sufficient understanding of the hazards of the employment to bring him within the general rule, was one of fact to be decided by the jury.

An action on the case for negligence is a proper form of action in such a case.

A mere allegation of *duty*, without the facts on which the duty rests, is not traversable.

ACTION on the case, brought by the plaintiff, a minor, by his next friend, for an injury caused by the negligence of the defendants, in whose factory the plaintiff was an operative, in leaving certain dangerous machinery uncovered. The case was tried to the jury on the general issue.

On the trial it was admitted that the defendants were the owners and occupiers of the manufacturing establishment described in the declaration, with the machinery therein, and that the plaintiff, on the 6th day of April, 1859, was, and for three weeks previous had been, one of the operatives in the mill, under a contract of hire; and that on that day he received an injury to his right hand by being caught in the gearing of a spinning frame in the mill. It also appeared that the spinning frame was in the mill when the plaintiff entered the service, and in the same condition as when he received the injury, and that he had knowledge of the fact. The plaintiff introduced evidence to prove, that at the time he was injured he was only ten years of age, was in the necessary discharge of the duties for which he was employed in the mill, and was exercising reasonable care on his part, and that his injury was occasioned by the omission, on the part of the defendants, to cause the gearing on the spinning frame to be properly covered by a bonnet, and that reasonable and ordinary care on the part of the defendants required that it should have been so covered; all of which, except the age of the plaintiff, was controverted by the defendants. The defendants offered evidence to prove that there was no negligence on their part, that the spinning frame and gearing were run and used by them in the same manner in which such machinery and gearing were ordinarily used and run, and that such bonnets or covering did not come into use, to any considerable extent, prior to the year 1857; all which was controverted by the plaintiff. The de-

fendants asked the court to charge the jury as follows :—1st. That the law imposed no obligation on the defendants to cover this machinery, independent of the contract relation of master and servant, and that the plaintiff had therefore misconceived his form of action and could not recover ; that the action should have been in form *ex contractu* not *ex delicto*. 2d. That the general rule, resulting from considerations as well of justice as of policy, is, that he who engages in the employment of another for the performance of specified duties and services for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services. 3d. That he who enters the service of another with the machinery and implements of the employer's business in a given condition, with knowledge of such condition, waives any claim upon the employer to furnish other and greater safeguards. 4th. That if the defendants used their property in the manner in which such property is ordinarily used, they could not in such use be guilty of negligence so as to be liable to an employee who had knowledge of such use. In relation to the first point, the court said to the jury that if the plaintiff had a right to recover at all he might recover in this form of action. In relation to the second and third points, the judge said to the jury that the law as claimed by the defendants seemed to be the law of England and of some of our sister states, but that he entertained doubts whether it was the law of Connecticut, and that, for the purposes of this trial, he charged them that the fact that the plaintiff was the employee of the defendants, under the circumstances claimed by the defendants, would not excuse them from exercising ordinary and reasonable care in providing for his personal security. He then said to the jury that the right of the plaintiff to recover depended upon the negligence of the defendants and consequent injury to the plaintiff, without any fault or negligence on his part ; that the plaintiff was bound to exercise ordinary and reasonable care in the discharge of his duties, and that if by reason of a want of such ordinary and reasonable care he had contributed essentially to the injury of which he complained, he could not recover ; that the defendants were also bound to exercise ordi-

Hayden *v.* Smithville Manufacturing Co.

nary and reasonable care on their part, and that if they had not done so, but had been guilty of negligence, by means of which the plaintiff had been injured, without contributing essentially to such injury by his own negligence, they were liable to the plaintiff, and he might recover ; that by ordinary and reasonable care was meant such a degree of care as might reasonably be expected from the party at the time and under the circumstances in which he was placed ; that in the present suit the plaintiff should satisfy them that he was, at the time of receiving the injury, discharging his duties with that circumspection and caution which might be expected from a person of his years in the same position, and surrounded by the same circumstances, and he should also satisfy them that the defendants had omitted to do those things which might be reasonably expected from them, as the owners and operators of a manufacturing establishment like the one in question, employing such help as the defendants did employ, having also regard to all the surrounding circumstances, and that his injury was occasioned by this omission or negligence ; that the defendants were not liable for injuries received from the common and ordinary dangers of a manufacturing establishment, and were not insurers against accidents, but were liable for omitting to do such things as ordinary and reasonable prudence would suggest for the safety of their employees. In relation to the fourth point the judge remarked, that he could not say to the jury as a matter of law that a man may not be guilty of negligence in the use of his property although he might use it in the manner in which the same kind of property was ordinarily used, but that such common use might be taken into consideration in disposing of the question of negligence.

The jury returned a verdict for the plaintiff for $1,875. The defendants moved for a new trial. A motion in arrest of judgment for the insufficiency of the declaration was also filed, the questions arising upon which will be sufficiently understood from the briefs of counsel and the opinion of the court, without setting out the declaration.

*Carpenter* and *Arnold*, in support of the motions.

1. The declaration is insufficient. The facts alleged do not raise the duty alleged. The mere allegation of duty, where sufficient facts are not alleged to show that the duty arises, is immaterial. *Priestly* v. *Fowler*, 3 Mees. & Wels., 1. *Seymour* v. *Maddox*, 5 Eng. L. & Eq., 265. *Assop* v. *Yates*, 2 Hurl. & Norm., 768. *Williams* v. *Clough*, 3 id., 258. *Griffiths* v. *Gidlow*, id., 648. And as the liability, if any exists, grows out of the contract relation of the parties, the action should have been assumpsit and not case.

2. Upon the facts presented by the motion the court erred in not charging the jury that there could be no recovery on the part of the plaintiff. It is found that the plaintiff was in the service of the defendants, engaged in his ordinary duties, and that the machinery was in the same condition at the time of the accident as when the plaintiff entered the service, and that he had knowledge of the condition of the machinery. Upon these facts it is well settled that the defendants can not be liable to him for the injury. The defendants have a right to use such machinery in their factories as they think proper. Their workmen enter their service voluntarily, and in so doing take the risks of the business as it is. The service is undertaken in view of the peril involved in it, and in entering upon it the servant waives the right to treat the omission of precautions against the danger as negligence. The extent of a master's liability for an injury received by the servant in his service is limited by the following rule—that he is liable for any misfeasance or positive act which causes an injury to the servant, and for such a degree of negligence as amounts to positive misfeasance, or in other words, for gross negligence. Here no such negligence is claimed. The cases where the master has been held liable may be divided into the following classes :—1st. Where a master employs a servant and does not use ordinary care and diligence to procure a competent one, and through the incompetency of this servant another servant is injured. But even here it is held that if the servant injured knows of the incompetency of the other servant and continues in the service, he waives the objection and takes the

Hayden *v.* Smithville Manufacturing Co.

risk.  2d. Where the master has a defective machine, and knows the defect, and the servant does not know it and is injured in consequence.  But here, if the servant had known of the defect and continued in the service, he would be held to have assumed the risk and to have no right to recover.  3d. Where the master does any act, after the employment of the servant, by which the risk is increased, without informing the servant.  But here, if the servant knows of the increased risk, and continues in the service, he assumes the risk.  It will thus be seen that knowledge of the condition of things on the part of the servant, and his continuance in the service after such knowledge, exempts the master in every case from all liability to the servant for an injury growing out of the condition of things.  This general proposition is fully sustained by the authorities.  *Hutchinson* v. *York, Newcastle & Berwick Railway Co.*, 5 Exch., 343.  *Wigmore* v. *Jay*, id., 354.  *Degg* v. *Midland Railway Co.*, 1 Hurls. & Norm., 781.  *Skip* v. *Eastern Counties Railway Co.*, 24 Eng. L. & Eq., 396. *Dynen* v. *Leach*, 40 id., 491.  *Farwell* v. *Boston & Worcester R. R. Co.*, 4 Met., 49, 57.  *Hayes* v. *Western R. R. Co.*, 3 Cush., 270.  *Albro* v. *Agawam Canal Co.*, 6 id., 75.  *Carle* v. *Bangor Canal & R. R. Co.*, 43 Maine, 269.  *Brown* v. *Maxwell*, 6 Hill, 592.  *Coon* v. *Syracuse & Utica R. R. Co.*, 6 Barb., 231, 241.  *Wright* v. *N. York Central R. R. Co.*, 28 id., 80.  *Cleveland, Columbus & Cin. R. R. Co.* v. *Keary*, 3 Ohio S. R., 201.  *Mad River & Lake Erie R. R. Co.* v. *Barber*, 5 id., 541.  *Bassett* v. *Nor. & Wor. R. R. Co.*, 19 Am. Law Rep., 551.  The age of the plaintiff in the present case can not affect the question.  He was old enough to be employed in the service of the defendants, and if so was old enough to understand the service and the ordinary risks attending it.  If he was too young to make such a contract understandingly his parents or guardians will be regarded as having contracted for him.  Besides, it is found that he had actual knowledge of the condition of this dangerous machinery. *Birge* v. *Gardiner*, 19 Conn., 507.  *Daley* v. *Nor. & Wor. R. R. Co.*, 26 id., 591.

3. The court erred in not instructing the jury in conformity

with the request of the defendants on the fourth point. The use of machinery in the mode in which it was *ordinarily* used in establishments of that character, could not be a want of *ordinary care* on the part of the defendants.

*Penrose*, with whom were *Cleveland* and *Sumner*, contra.

1. There is no foundation for the objection to the form of the action. Case for the defendants' negligence is the proper form. 1 Chitty Pl., 134. *Govett* v. *Radnidge*, 3 East, 62. *Stoyel* v. *Westcott*, 2 Day, 418. *Bulkley* v. *Storer*, id., 531. It is said however that the declaration is insufficient because the facts alleged do not show a duty on the part of the defendants to use ordinary care to prevent such an injury. But the declaration alleges the facts of the case, and the question thus raised is substantially the same as that presented by the motion for a new trial. If there can be a recovery on the facts found by the motion the declaration which alleges those facts is sufficient.

2. The relation of the plaintiff to the defendants as their servant does not preclude him from recovering for the injury. We contend that a master is liable to his servant for an injury to the latter caused by the negligence of the master. It is an essential part of our proposition that the injury should have resulted *from the negligence of the employer*. Thus, if an employee is injured by the blowing up of a powder mill, or an axe-grinder by the bursting of the stone, the employer may be liable or he may not. It will depend entirely on whether the injury was the result of the employer's negligence. If he had by negligence allowed gravel to be mixed with the powder, or had neglected to have the stone properly secured against bursting, and the employee had been guilty of no negligence in exposing himself to the injury, the employer ought to be liable. There is no reason why the mere relation of the employee to the employer should prevent him from recovering for an injury *caused by the negligence of the latter*. If the negligence actually exists and is proved to have caused the injury, the same principle that governs other cases of negligence ought to apply. The principle that every man shall so use

his own as not to injure another is of universal application. The fact of the relation of the employee to the employer very properly comes into consideration in determining whether the negligence of the employer has caused the injury. Thus the knowledge of the employee of a defect in the machinery used, and his voluntary engagement or continuance in the service of the employer and in the use of the machine, may be evidence going to show that the employee's want of care in exposing himself to the injury contributed essentially to the injury, and so that it was not caused by the negligence of the employer. But this is the whole effect which should be given to that fact. It will thus enter into the case, not as a technical fact, determining as matter of law that the employee can not recover, but merely as one of the circumstances of the case, to be considered, like any other fact, by the jury. This view harmonizes with the rule that the question of negligence, whether of the defendant or of the plaintiff, in an action for an injury caused by negligence, is always a question for the jury. Though held in some states to be a question of mixed law and fact, yet with us it is held to be one wholly of fact, and even where all the circumstances are found or admitted the court will not assume to draw the inference of negligence. *Beers* v. *Housatonic R. R. Co.*, 19 Conn., 566. *Park* v. *O'Brien*, 23 id., 339. *Williams* v. *Clinton*, 28 id., 264. This being so, the whole question was properly left to the jury to say whether, on all the facts, including of course the fact that the plaintiff was in the employment of the defendants, the injury was caused by the negligence of the defendants. So late as 1837, Abinger, Chief Baron, in the similar case of *Priestly* v. *Fowler*, 3 Mees. & Wels., 1, cited on the other side, said that there were no precedents decisive of the question and that they were to determine it upon general principles, and were at liberty to look at the consequences of a decision the one way or the other; and later in the opinion he remarks that the master is bound to provide for the safety of his servant in the course of his employment to the best of his judgment. There can be no reason shown why an employer, who is liable to every body else for injuries caused by his negligence,

should not be equally liable to his servant for such an injury. In any case a defendant may show that want of ordinary care on the part of the plaintiff contributed to the injury, and so he may show it in the case of his servant, and may avail himself of the fact that he was his servant, and familiar as such with the risks of the business, and so was guilty of negligence in exposing himself; but as it does not necessarily follow from the relation that he was thus guilty of negligence, the fact ought to go to the jury like any other evidence to be weighed by them. This proposition is sustained by a recent decision in the House of Lords, made in 1853, *Patterson* v. *Wallace*, 28 Eng. L. & Eq., 48, where the court treat the case as presenting the simple question of fact, whether, upon the whole evidence, the injury was caused by the defendant's negligence. This view is supported more or less fully by several other decisions in this country and in England. *Marshall* v. *Stewart*, 33 Eng. L. & Eq., 1. *Tarrant* v. *Webb*, 37 id., 281. *Dynen* v. *Leach*, 40 id., 491. *Smith* v. *N. York & Harlem R. R. Co.*, 6 Duer, 225. *Byron* v. *N. York State Telegraph Co.*, 26 Barb., 39. *Noyes* v. *Smith*, 28 Verm., 59.

3. The court properly refused to charge the jury as the defendants requested. The propositions which they laid down in their requests are mainly questions of fact and not of law. The question whether the plaintiff by entering the service of the defendants waived all claim on them to furnish further safeguards against accidents, was wholly a question of fact. The question of waiver is almost necessarily a question of fact; and is always so where it is claimed to arise from the conduct of a party. *Callender* v. *Colegrove*, 17 Conn., 1. So the question whether the defendants could be guilty of negligence if they used their machinery in the manner in which it was ordinarily used, was one of fact.

4. The knowledge of the plaintiff of the condition of the machinery ought not to affect his right to recover. A child of his age is not to be put upon the same footing with a man of mature years. It is found only that he knew of the condition of the machinery and not that he understood the danger resulting from it; and it is only this understanding of the danger that is treated in any of the cases as precluding a

Hayden *v.* Smithville Manufacturing Co.

recovery by the employee.   The court lay down the principle in *Daley* v. *Nor. & Wor. R. R. Co.*, 26 Conn., 591, that the knowledge of the parents or guardian of a child  do not affect the case.   Their negligence can not be charged upon him.

ELLSWORTH, J.   We are not able to see why the principles of law claimed by the defendants in  the second and third heads of their request to the court for its charge to the jury are not correct, and why  as  such they should not have been allowed by the court.

The judge, after stating to the jury what these requests contained, proceeded to say, that although the English law and that of some of the states might be as claimed by the defendants' counsel, it was otherwise in the state of Connecticut.   In this we think the judge has fallen into an error, as we know of no such distinction  between the English and our own law. We find  nothing in the principles of the English decisions to warrant such a conclusion, but, on the contrary, the doctrine of the English cases seems to us to be just and reasonable.

The action is obviously founded in a supposed neglect of the defendants, which implies a breach of duty or legal culpability towards the plaintiff, an employee in their business.   Not that the defendants merely omitted  to furnish their cotton-mill with  the  most  approved  machinery,  or  machinery which would be operated with  less hazard ; for  every man may judge how he will carry on his own  business, and workmen having knowledge of the circumstances must exercise their judgment whether they will enter or  continue in his  service ; but, as we regard the law, there must be  a *culpable  neglect;* an omission of duty towards an  employee *conversant* with the machinery in use, and the hazards attending  the prosecution of the business.

In one  part of the charge the  judge seems to have recognized the correctness of the defendants' claim ; but if so, it was in a  form so  general that the charge does not meet the specific  claim  which  they made, and therefore is not adequately responsive to it.   He should have charged, upon the question of negligence, that the rule of law was as specifically

claimed by the defendants, instead of repudiating it as foreign and inapplicable in this instance. Had this course been followed it is quite possible that the verdict would have been different from what it was. The instruction to the jury ignores the clear distinction between an employee having knowledge of the business, and one having no knowledge ; for the judge left the question of negligence to depend on the want of ordinary care, which, though well enough as a rule in ordinary cases, is not sufficiently responsive to the claim of the defendants ; certainly not without explanation and discrimination.

The employee here was acquainted with the hazards of the business in which he was engaged, and with the kind of machinery made use of in carrying on the business. He must be held to have understood the ordinary hazards attending *his employment*, and therefore to have voluntarily taken upon himself this hazard when he entered into the defendants' service.

Every manufacturer has a right to choose the machinery to be used in his business and to conduct that business in the manner most agreeable to himself, provided he does not thereby violate the law of the land. He may select his appliances, and run his mill with old or new machinery, just as he may ride in an old or new carriage, navigate an old or new vessel, or occupy an old or new house, as he pleases. The employee having knowledge of the circumstances, and entering his service for the stipulated reward, can not complain of the peculiar taste and habits of his employer, nor sue him for damages sustained in and resulting from that peculiar service. This is just the distinction claimed by the defendants as the law of the case, but the court did not admit its correctness as the law of Connecticut, though conceding it to be the law of England.

Doubtless it is true that no man may, in conducting business, unnecessarily and wantonly disregard the rights of other people, whether employees or strangers ; but such is not the case before the court. An employee having knowledge can not claim indemnity except under particular circumstances. He is not *secretly* or *involuntarily* exposed, and likewise is

paid for the exact position and hazard he assumes; and so he may terminate his employment when, from unforeseen perils, he finds his reward inadequate or unsatisfactory.

We need hardly remark, that as this distinction rests upon knowledge in the employee, it is quite obvious that he must have mind sufficient to acquire the necessary knowledge. How the fact was in the present case, (the plaintiff being ten years old,) we will not undertake to decide. If the fact was important we think it should have been submitted to the consideration of the jury. Nor will we say whether it is proper or not to hold that a child of sufficient age to be employed in the business of a mill for reward, is mature enough to appreciate the hazards of his employment. We make the suggestion for what it is worth should the cause come to another trial.

The cases cited from the books are quite harmonious with the views above expressed. In *Priestly* v. *Fowler*, 3 Mees. & Wels., 1, the defendant was sued by his servant injured by the breaking down of a van, in which he and a fellow servant were carrying goods for his master, by reason of its weakness and excessive loading. The defendant was held not to be liable. The court said that the principal was under no implied obligation to his servant for the sufficiency of the van, as he had no more knowledge of its condition than the servant himself. In *Seymour* v. *Maddox*, 5 Eng. L. & Eq., 265, the defendant, proprietor of a theater, was sued by an actor for an injury suffered through an insufficient lighting of the stage, and an unguarded opening in the floor, into which he fell and was injured. He did not recover in the suit; the court holding that, as he was not obliged to enter or remain in the defendant's service if he was not satisfied with the existing condition of things, he voluntarily exposed himself to the danger, of which he had the same knowledge as the defendant himself. In *Williams* v. *Clough*, 3 Hurlst. & Norm., 258, the defendant was sued by his servant, who fell through a ladder used in a brewery. He did not succeed in his action. The servant was regarded as having the same means of knowing the character of the ladder that his master had, and as

bound to judge for himself of the danger of climbing it. This is the language of Barnwell, Baron, in the Exchequer: " I abide by the opinion I expressed in the case referred to, that a master can not be held liable for an accident to his servant while using ordinary care in his employment, simply because the master knows that such machinery is unsafe, if the servant has the same means of knowledge as the master." The same is held in *Griffiths* v. *Gidlow*, id., 648. In *Patterson* v. *Wallace*, 28 Eng. L. & Eq., 48, a collier was injured by the falling of a loose stone from the top of the colliery. This case, though cited by the plaintiff's counsel, contains the same doctrine as the other cases already referred to. The point here made was not important there, for that case turned on two questions of fact, and a new trial was ordered that they might be submitted to the jury, having been improperly taken from them by a nonsuit, as the court decided. So in the very late case of *Dynen* v. *Leach*, 40 Eng. L. & Eq., 491, decided in 1859, where an employee was hurt by the falling of a weight, we find substantially the same doctrine.

From the best consideration I can give the English cases, I am satisfied that the law in England is as expressed by Barnwell, Baron. I believe an employee can not recover for an injury suffered in the course of his business from defective machinery, unless the employer knew or ought to have known the fact, and the employee did not know it or had not equal means of knowing it.

The cases in this country do not hold a different doctrine, and some of them are very clear and decided in their language. I will not spend time in commenting on them, but only refer to a few of them. *Mad River & Lake Erie R. R. Co.* v. *Barber*, 5 Ohio S. R., 541. *Coon* v. *Utica & Syracuse R. R. Co.*, 6 Barb., 231. *Farwell* v. *Boston & Worcester R. R. Co.*, 4 Met., 49. *Hayes* v. *Western R. R. Co.*, 3 Cush., 270. *Albro* v. *Agawam Canal Co.*, 6 id., 75.

Another question arises on the motion in arrest, as to the sufficiency of the declaration. We are inclined to think that the second count is sufficient, but that the first one is not. If we strike out of the first count the allegation of " duty,"

which is not issuable without the facts on which it rests, there does not appear to be enough left to show negligence in the defendants. Nor is there any averment that the defendants had notice of the danger complained of and that the plaintiff had not, while the plaintiff admits he was an employee in the defendants' mill. The second count is more full in its allegations, and we are inclined, as we have said, to hold it sufficient. The cases already noticed, of *Priestly* v. *Fowler*, and *Seymour* v. *Maddox*, present questions very similar to the one before us. They were motions in arrest, and the motions prevailed.

We think there is no force in the defendants' objection that the plaintiff has misconceived his action. An action sounding in tort is clearly the proper form of action.

We advise a new trial.

In this opinion the other judges concurred.

New trial advised.