## TWITCHELL *v.* GRAND TRUNK RY. Co.

*(Circuit Court, D. New Hampshire.* August 6, 1889.)

MASTER AND SERVANT—INJURY TO EMPLOYE.

In a suit against a railroad company to recover damages for the death of an employé by a car drifting from a side track, it is error to submit to the jury the question whether the side track was properly constructed, and with ordinary care.

At Law. Motion for new trial.

*Aldrich & Remick, Ladd & Fletcher,* and *Mr. Frink,* for plaintiff.

*Ossian Ray, Mr. Strout,* and *Drew & Jordan,* for defendant.

COLT, J. This is a motion for a new trial. The action was brought against the defendant railway company for negligence, which resulted in the death of the plaintiff's intestate, Henry F Noyes, who was at the time a freight conductor in the employment of the company. The accident was caused by a collision of a freight train in charge of Noyes with a freight-car which had drifted from a side track. For several years Noyes had been in charge of the freight train which ran from Gorham, N. H., to Island Pond, Vt., a distance of about 48 miles, and the accident happened at a place called "Stratford Hollow." The question of negligence on the part of the defendant company turned largely on two points, namely, the defective construction of the side track at Stratford Hollow, and the failure of the company to employ stop-blocks or proper means for blocking the cars when upon the side track. The presiding judge, against the objection of the defendant, permitted the evidence to go to the jury on both these points. The presiding judge also, in his charge to the jury, said:

"Next, gentlemen, you will take up the question of whether the railroad company was negligent or not in the construction of the siding at Stratford Hollow, and in the instruments of protection which were employed there. * * * You must say (in view, of course, that this happened in 1883) whether the siding was constructed in accordance with scientific railroad construction, and whether in its construction, with respect to stop-blocks, or to securities against a car being blown out onto the main track, the company exercised ordinary care."

At the time of the trial the recent case of *Tuttle* v. *Railway Co.*, 122 U. S. 189, 7 Sup. Ct. Rep. 1166, was not brought to the attention of the court. That was a suit brought by an employé against the railroad company for negligence in the construction of a curve in the track in the yard of the company. The court, speaking through Mr. Justice BRADLEY, says:

"We have carefully read the evidence presented by the bill of exceptions, and, although it appears that the curve was a veary sharp one at the place where the accident happened, yet we do not think that public policy requires the courts to lay down any rule of law to restrict a railroad company as to the curves it shall use in its freight depots and yards, where the safety of passengers and the public is not involved; much less that it should be left to

.the varying and uncertain opinions of juries to determine such an engineering question. For analogous cases as to the right of a manufacturer to choose the kind of machinery he will use in his business, see *Richards* v. *Rough*, 53 Mich. 213, 18 N. W. Rep. 785; *Hayden* v. *Manufacturing Co.*, 29 Conn. 558. The interest of railroad companies themselves is so strongly in favor of easy curves as a means of facilitating the movement of their cars that it may well be left to the discretion of their officers and engineers in what manner to construct them for the proper transaction of their business in yards, etc. It must be a very extraordinary case, indeed, in which their discretion in this matter should be interfered with in determining their obligations to their employés. The brakemen and others employed to work in such situations must decide for themselves whether they will encounter the hazards incidental thereto, and, if they decide to do so, they must be content to assume the risks."

In the present case there was no question as to the siding having become defective after its construction, but the question, as submitted to the jury, was whether the company exercised ordinary care in its construction, and whether it was constructed according to scientific principles. Under the law as laid down by the supreme court in *Tuttle* v. *Railway Co.* it seems to me clear that the court committed an error, and that the defendant company is entitled to a new trial. Motion granted.