JOHN H. FOLEY v. THE JERSEY CITY ELECTRIC LIGHT COMPANY.

1. When one enters upon a service, he assumes to understand it, and takes all the ordinary risks that are incident to the employment, and where the employment presents special features of danger, such as are plain and obvious, he also assumes the risk of those.

2. The direction to the jury to inquire whether the danger arising from the absence of a step on a pole, which is alleged to have caused the injury in this case, was of such imminent character that a person of ordinary prudence, having regard for his own safety, would have declined to use it, and the instruction to the jury, that if it was so the plaintiff could not recover, but, if it were otherwise, if the peril was not so threatening and imminent but that he might with safety go up to the light and trim it and get back again by the exercise of extra care, then if he was injured in the exercise of such extra care he could recover, held to be erroneous.

3. The cases rigidly hold the doctrine, that the servant takes upon himself such definite and determinate risks as are obvious, and no action will lie against the master for injuries to the servant in such cases, where he has not induced the servant to remain by a promise to remove the danger.

---

Rule to show cause.

Argued at February Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Warren Dixon* and *Gilbert Collins.*

For the defendant, *J. Herbert Potts* and *Charles H. Voorhis.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff, while in the service of the defendant company, was called upon to ascend one of the poles of the company for the purpose of trimming a lamp at its top.

One of the steps used for climbing the pole was broken off. The plaintiff, before he attempted to go up the pole, saw the defect. He ascended the pole safely, but in descending his foot slipped when he reached the broken step, causing him to fall from the pole, by reason of which his leg was injured. This suit is prosecuted to recover from the company damages for this injury.

The trial judge charged the jury that when one enters a service, he assumes to understand it, and takes all the ordinary risks that are incident to the employment, and further, where the employment presents special features of danger, yet of such a nature that they must be known to the employe, such as are plain and obvious to one ordinarily skilled in the employment, he also assumes the risk of those. Obvious dangers, which he enters upon voluntarily, are impliedly assumed by him if he continues in the service.

It is conceded that this was a correct statement of the general doctrine which applies to the relation of master and servant.

The contention arises upon the qualification of this rule, which the trial court instructed the jury to apply to this case. The jury was directed to inquire whether the danger arising from the absence of the step on the pole was of such imminent character that a person of ordinary prudence, having regard for his own safety, would have declined to use it. If so, the jury was told that the plaintiff could not recover; but if it were otherwise, if the peril was not so imminent and threatening but that he might with safety go up to the light and trim it and get back again by the exercise of extra care, then if he was injured in the exercise of such extra care, he could recover. Under these instructions the jury rendered a verdict for the plaintiff.

In this case the danger was open and obvious; the plaintiff could have been in no doubt as to the extent of the risk he assumed.

· In this respect it differs from the cases relied upon to support the distinction upon which the verdict rests.

In *Hawley* v. *The Northern Central R. R. Co.*, 82 *N. Y.* 370, the plaintiff, a locomotive engineer, in the employ of defendant, was injured by the overturning of his engine, in consequence of the bad condition of the road. It appeared that the plaintiff knew that the road was somewhat out of repair, but he did not know how badly out of repair it was, or that the danger was great. The plaintiff and other engineers had frequently run their engines over the road, and it did not appear that any accident had previously happened.

In *Kain* v. *Smith*, 89 *N. Y.* 375, the plaintiff was not familiar with the work in which he was engaged at the time of his injury, nor with the use of the implement which injured him. The risk was not obvious, and the extent of the danger was unknown to him.

*Patterson* v. *Pittsburg R. R. Co.*, 76 *Pa. St.* 389, was a case where the danger was indeterminate, and the new trial was granted because the trial court had refused to admit evidence on the part of the plaintiff, that before the injury he had notified the superintendent of the company of the danger and he had promised to remove it.

It was upon this ground that these cases were submitted to the jury to determine whether the plaintiff was to be charged with the want of due care for his own safety.

If the servant knows of the defect, and it is of such a nature that a prudent person will not abandon the service on account of it, then no negligence can be charged to the master for permitting the defect to continue. If the plaintiff was justified in concluding that he could ascend the pole and return with safety by using extra care, the defendant had the right to draw the same conclusion, and, in that event, the defendant was in no fault.

If the peril was of such imminent character that it was imprudent on the part of the plaintiff to attempt to ascend the pole, then, under the rule laid down by the trial judge, the verdict is wrong. If the plaintiff acted as a prudent man in undertaking to ascend the pole, the injury must be ascribed to mere accident, the casual slipping of his foot. In that case neither he nor his employer is to be held guilty of a want of care.

The servant and the master had equal means of forming a correct judgment. Therefore, whatever want of prudence in taking the risk is chargeable to the one must be imputed to the other. The attempt to engraft this exception upon the general rule introduces the element of the absence or presence of due prudence on the part of the servant into this discussion, which is a circumstance, in my judgment, wholly foreign to it.

The immunity of the master rests upon the contract of hiring, and not upon the absence or presence of negligence in either party. The master says to the servant: You understand fully the nature of the employment and the danger attending it; will you enter upon it? The servant says: I accept it; and the law implies that he accepts it, with all the risk incident to it, without regard to the magnitude of the danger.

The question is not whether it was prudent on his part to encounter the peril. In contemplation of law, his undertaking to assume the apparent risk of the work was general and unqualified. He might have restricted his assumption of danger by stipulating that he would take upon himself such liability to injury only as could be avoided by due care on his part. In the absence of such a term in the engagement, it cannot be introduced, by implication, without changing its purport, and importing into it a condition unfavorable to the master and which has not his consent.

The rule upon which this verdict is based appears to be not only illogical but also impracticable. It is quite impossible to define extra care with any approach to accuracy. A jury may have some understanding as to what constitutes the care which

a man of prudence and caution should exercise under the circumstances presented to them, but by what standard extra care shall be measured is a riddle I shall not attempt to read. The inference seems unavoidable, that if more care was requisite to avert injury than a man of reasonable prudence and caution would be required to exercise, the plaintiff's loss must be attributed to the want of a due regard for his own safety in undertaking the ascent of the pole.

The cases rigidly hold the doctrine, that the servant takes upon himself such definite and determinate risks as are obvious, and no action will lie against the master for injuries to the servant in such cases.

There is no circumstance present in this case to take the case out of this general rule. The plaintiff was under no undue pressure—he voluntarily accepted the employment. *Baylor* v. *Delaware, Lackawanna and Western R. R. Co.,* 11 *Vroom* 23.

In *McQuigan* v. *Delaware, Lackawanna and Western R. R. Co.,* 126 *N. Y.* 618, the judgment below was reversed because it appeared that the plaintiff had knowledge of the defect which was the cause of his injury, and it did not appear that he was under any constraint to accept employment.

In *Odell* v. *New York Central R. R. Co.,* 120 *N. Y.* 325, knowledge on the part of the plaintiff of the danger he would encounter proved fatal to his case.

The Supreme Court of Connecticut, in *Harden* v. *Smithville Company,* 29 *Conn.* 558, said that the employe, being acquainted with the hazards of the business in which he is engaged, must be understood to have voluntarily taken upon himself the risks to which he was exposed, and, consequently, the injury he received was non-actionable.

*Assop* v. *Yates,* 2 *Hurlst. & N.* 768, was a case where the servant complained to the master of the danger before he was injured, and voluntarily continued in his service, although he made no promise to repair. It was considered that there was no evidence to go to the jury of the master's liability.

This view of the law is fully supported by *Williams* v. *Clough*, 3 *Hurlst. & N.* 258, and *Griffith* v. *Gidlow*, *Id.* 648.

The case of *Clarke* v. *Holmes*, 7 *Hurlst. & N.* 937, was taken out of the general rule, by the fact that the plaintiff had complained of the dangerous state of the machinery, and the master had promised to make it safe.

The cases of *Wright* v. *New York Central R. R. Co.*, 25 *N. Y.* 562, and *Laning* v. *New York Central R. R. Co.*, 49 *Id.* 521, to which the court has been referred, involved the consideration of the negligence of a fellow servant.

In the latter case, the New York Court of Appeals said that, " where the servant has full and equal knowledge with the master that the machinery or materials employed are defective, or that the fellow servant is incompetent, and he remains in the service, this may constitute contributory negligence; but if it appears that the master has promised to amend the defect, or other like inducement to remain has been held out to the servant, the mere fact of his continuing in the employment does not, of itself, as matter of law, exonerate the master from liability ; but the question of contributory negligence is one for the jury."

The rule which applies to injuries resulting from the carelessness of fellow servants has no relation to the case at bar.

The rule to show cause should be made absolute.