NETTIE E. CHANDLER, ADMINISTRATRIX OF AUGUSTUS E. CHANDLER, DECEASED, v. THE ATLANTIC COAST ELECTRIC RAILWAY COMPANY.

1. A servant, who chooses to enter into an employment involving danger of personal injury which the master might have avoided, takes upon himself the risks of all the hazards incident to the employment, the existence of which are known to him, or which are plain and obvious, and which he has no reason to expect will be counteracted or removed; and no action will lie against a master for injuries to the servant resulting from such dangers.

2. A master owes to his servants the duty of using reasonable care and prudence in the selection of their fellow-servants; and if he knowingly employs or retains in his service an unskillful or incompetent workman, he is responsible for injuries received by an employe through the unskillfulness or incompetency of such workman.

On demurrer to declaration.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *Hawkins & Durand.*

For the demurrant, *Isaac C. Kennedy.*

The opinion of the court was delivered by

GUMMERE, J.   The cause of action set up in the declaration in this suit is that the plaintiff's intestate came to his

death by the negligence of the defendants. The statement in the declaration is that the decedent, who was an employe of the defendant company, was engaged in the work of clearing away the dirt and refuse which had collected upon the company's track, and while so engaged, and without any negligence or want of care on his part, was run down and killed by one of their cars.

The negligence of the defendants, by which the decedent's death is alleged to have been caused, is stated to have consisted in their failure to provide suitable fenders or guards for their cars, thereby rendering them unnecessarily dangerous to those of the company's employes who worked upon the track; and also in knowingly employing an unskillful and incompetent motorman to operate the car which ran down the decedent.

So far as the negligence of the company in failing to provide their cars with fenders or guards is concerned, it is enough to say that, even if it be conceded that such omission rendered the cars more dangerous to employes working upon the tracks than otherwise they would have been, no liability can be predicated upon such negligence. It is entirely settled both in the courts of this country and of England that if a servant chooses to enter into an employment involving danger of personal injury which the master might have avoided, he takes upon himself the risk of all the hazards incident to the employment, the existence of which are known to him, or which are plain and obvious, and which he has no reason to expect will be counteracted or removed; and that no action will lie against the master for injuries to the servant resulting from such dangers. 14 *Am. & Eng. Encycl. L.*, 845; *Bail. Mast. Liab.* 145, and cases cited; *Foley* v. *Jersey City Electric Light Co.*, 25 *Vroom* 411.

That the cars of the company were operated without fenders or guards was perfectly obvious to the decedent, and if the operation of the railroad was thereby made more dangerous, the risk of injury from such danger was assumed by him as one of the risks of his employment.

But the statement in the declaration that the decedent's death was due to the negligent conduct of the defendants in knowingly employing an incompetent and unskillful motorman to operate the car which struck and killed him, shows a cause of action. The allegation is that the defendants, not regarding their duty to the decedent, caused and permitted said car to be run and operated in an unskillful, careless and negligent manner, by an unskillful, inexperienced and incompetent operator and motorman, then and there well known to the said defendants to be unskillful, inexperienced and incompetent, and that, by reason of the unskillful, careless and negligent manner in which said car was run and operated by said motorman, the said decedent, without any negligence or want of proper care on his part, was struck down and run over by the said car of the defendants.

A master owes to his servants the duty of using reasonable care and prudence in the selection of their fellow-servants, and if he knowingly employs or retains in his service an unskillful or incompetent workman, he is responsible for injuries received by an employe through the unskillfulness or incompetency of such workman. *Harrison* v. *Central Railroad Co.,* 2 *Vroom* 293; *McAndrews* v. *Burns, 10 Id.* 117; *Rogers Locomotive Works* v. *Hand,* 21 *Id.* 464.

Judgment should be in favor of the plaintiff as the record now stands. The defendants may apply to the court for leave to plead over if they desire to defend on the merits.