## CHARLES DOWD v. ERIE RAILROAD COMPANY.

Argued November 10, 1903—Decided February 23, 1904.

1. The plaintiff, an experienced bolt-cutter, was injured while shifting the belt upon the bolt-cutting machine, by his hand slipping from the shifting lever and coming in contact with the unprotected gearing. He had worked at this identical machine at another shop of defendant, but the gearing was then protected by a cover. Upon his complaint of the danger from the lack of a cover, the foreman had promised to have it attended to as soon

as he could. *Held*, that the question whether there was negligence was for the jury.

2. Although the risk is obvious the master may still be liable for injuries to the servant, if he has promised to amend the defect or make the place safe, and the servant continues the work in reliance upon the promise.

3. In such a case, if the promise is not performed within a reasonable time for its fulfillment, and the servant continues to incur the danger after the lapse of such reasonable time, the servant assumes the risk of injuries occurring thereafter.

4. Whether the lapse of sixteen days in the present case was a reasonable time for the fulfillment of the promise, was a question for the jury.

5. A promise to have the matter attended to "as soon as he could," is not, under the circumstances of this case, so indefinite that the servant was not justified in relying on it.

6. The danger was not so imminent as to compel the conclusion that the plaintiff was negligent in continuing to work, and to require the court to take the case from the jury.

---

In tort.   On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *James G. Blauvelt.*

For the defendant, *Gilbert Collins.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff was employed by the defendant as a bolt-cutter, in its shops at North Paterson, from August 9th, 1902, until the accident which occasioned his injury, on August 25th, of the same year.   On that day, while trying to stop the machine by shifting the belt from the tight to the loose pulley, his hand slipped off the shifting lever, he lost his balance, his right hand fell on the cogs, which were unguarded, was caught in the gearing and so injured that it had to be amputated.   The plaintiff was an expert bolt-cutter, accustomed to the machine.   The risk was an obvious one, and the only ground upon which the plaintiff relies for recovery is a promise said to have been made to him by Wil-

son, the foreman in the department in which plaintiff was employed. Upon a complaint of the danger from the uncovered cog wheels, made by the plaintiff on August 9th, the plaintiff testified that Wilson told him that they were busy, but he would have it attended to as soon as he could.

The plaintiff was thirty-eight years old and earned fourteen cents an hour, or between $8 and $9 a week. The verdict was for $5,500.

The defendant seeks a new trial (1) because the trial judge erred in leaving to the jury the question whether the omission of the guard over the cog wheels amounted to negligence; (2) because the plaintiff had no right to rely on the foreman's promise, and was not in fact relying on it at the time of the accident; (3) because the danger was so obvious and imminent that it should have been held as a matter of law that the alleged promise would not relieve the plaintiff from the assumption of risk in further continuing to use the machine without the guard; (4) because a reasonable time to make the repairs had elapsed before the accident, and the trial judge should have so held as a matter of law; (5) because of contributory negligence on the part of the plaintiff; (6) because the verdict was against the weight of the evidence; (7) because the damages were excessive.

It will be convenient to deal, first, with the fifth, sixth and seventh reasons.

In our judgment, the question whether the plaintiff was himself negligent to such a degree as to bar his recovery was a question of fact for the jury, and their verdict ought not to be set aside.

Whether Wilson made the promise, as the plaintiff testified, was a question of the credibility of the plaintiff and of Wilson, and the jury had the right to believe the plaintiff.

We cannot say that the damages are excessive. It is said that $5,500 paid to a man thirty-eight years old and invested at five per cent. would produce an annuity for his life of $379, an amount about equal to his earnings. It is not contended that $5,500 would buy an annuity of that amount,

and in view of the prevailing rate of interest it is hardly likely that the plaintiff could count upon as high a rate as five per cent. This calculation leaves out of account any compensation for pain and suffering. The loss of a right hand to a laboring man in the prime of life is a very serious loss, and an award of $5,500 does not, to say the least, seem so extravagant that the court would be justified in interfering with the verdict.

The important question in the case is whether the plaintiff has established any right to recover.

The defendant contends that proof that the gearing of the machine was left unguarded does not of itself establish negligence. In answer to this the plaintiff now urges the act of April 7th, 1885, which requires gearing to be guarded when practicable. The statute seems to be applicable to the present case, but the plaintiff, in his declaration, did not rely upon the statute, and failed to apprise the defendant that it was sued for violation of a statutory duty. The only issue tried was as to the breach of the defendant's duty at common law, and the case was submitted to the jury upon that issue only. The statute is first suggested as justifying a recovery by the plaintiff's brief in this court. We cannot sustain the verdict upon that ground. *Hays* v. *Pennsylvania Railroad Co.,* 13 *Vroom* 447; *Marts* v. *Cumberland Insurance Co.,* 15 *Id.* 478; *Halsey* v. *Lehigh Valley Railroad Co.,* 16 *Id.* 26.

We think, however, that there was evidence of negligence which required the case to be submitted to the jury. The machine by which the plaintiff was injured was the identical machine at which he had worked in the Bergen shop, and at Bergen the cog wheels had been covered. There was evidence that the foreman had promises to protect the cogs. It was not disputed that it was practicable to guard them by the very simple device which had previously been used.

The defendant further contends that the risk was obvious and was assumed by the plaintiff. The rule that the servant assumes not only the ordinary risks incident to the employment, but also such special features of danger as are plain

and obvious, and also such as he would discover by the exercise of ordinary care for his personal safety, is well established in this state. *Foley* v. *Jersey City Electric Light Co., 25 Vroom* 411 (*Supreme Court,* 1892) ; *Dunn* v. *McNamee, 30 Id.* 498 (*Court of Errors and Appeals,* 1896) ; *Chandler* v. *Atlantic Coast Electric Railway Co., 32 Id.* 380 (*Supreme Court,* 1898) ; *Johnson* v. *Devoe Snuff Co., 33 Id.* 417 (*Court of Errors and Appeals,* 1898) ; *Atha & Illingworth Co.* v. *Costello,* 34 *Id.* 27 (*Supreme Court,* 1899) ; *Coyle* v. *Griffing Iron Co., Id.* 609 ( *Court of Errors and Appeals,* 1899).

The servant assumes, as well, those risks which arise or become known to him during the service as those in contemplation at the original hiring. *Dillenberger* v. *Weingartner, 35 Vroom* 292 (*Court of Errors and Appeals,* 1899).

To the rule that the servant assumes the obvious risks of the employment, an exception is made where the master has promised to amend the defect or to make the place safe, and the servant continues the work in reliance upon the promise. This exception, which may be traced to the case of *Clarke* v. *Holmes,* 7 *Hurlst. & N.* 937 (1862), and for which *Hough* v. *Texas and Pacific Railway Co.,* 100 *U. S.* 213 (1879), is the leading American authority, is recognized in the New Jersey cases, although in none of them was it necessary for the decision.

In *Belleville Stone Co.* v. *Mooney,* 31 *Vroom* 323, 330, it was held that evidence of the promises was admissible to rebut the claim that the plaintiff was himself negligent. The exception to the rule is of more far-reaching effect than is indicated in the last cited case. The master is exempted from liability in the case of obvious risks for the reason that the servant, by continuing in the employment with knowledge of the danger, evinces a willingness to incur the risk, and upon the principle *volenti non fit injuria*. But when the servant shows that he relied upon a ·promise made to him to remedy the defect, he negatives the inference of willingness to incur the risk. In such a case this inference can only be drawn when the servant continues the work, although the promise·

is not performed within a reasonable time. The failure to perform the promise within a reasonable time indicates that it will not be performed, and the continuance in the work thereafter justifies the inference that the servant did not rely upon performance of the promise, but was willing to take the risk. He is therefore, in such case, held to have assumed the risk, notwithstanding the promise.

The judge charged the jury in accordance with the principles above stated, but the defendant contends that the delay in fulfilling the promise was so great that the plaintiff must have ceased to rely upon its fulfillment. The promise was made on August 9th, by Wilson. It is not denied that he had authority to make such repairs or changes as the one in question. Wilson went on vacation August 14th, and did not return until after the accident. The judge submitted to the jury the question whether the time was a reasonable time for the performance of the promise. We think he was right.

The defendant also contends that the promise was so indefinite that the plaintiff was not justified in relying on it. The promise was to have it attended to "as soon as he could." This did not postpone performance to a definite day before which the accident happened, as in some of the cases cited in defendant's brief; nor was it conditional upon the completion of a certain work, nor upon the foreman finding time to do it, as in the other cases cited. The promise was an absolute promise to have it attended to as soon as possible, and while such a qualification of the promise has an important bearing upon the question whether the time which elapsed was reasonable, it is not such an indefinite promise that the plaintiff might not rely upon it.

The defendant also contends that the danger was so imminent that the promise cannot avail the plaintiff. No doubt the danger may be so imminent that the plaintiff, by continuing the work, may be guilty of contributory negligence, and so, in substance, the judge charged. The assumption of risk in case of an obvious danger is often confused with contribu-

tory negligence, but, as Lord Bowen said, in *Thomas* v.
·*Quartermaine, L. R.,* 18 *Q. B. Div.* 685, 697, the effect
of the maxim *volenti non fit injuria* is by no means con-
terminous with the defence of contributory negligence.
Where there is an assumption of risk, the master is without
fault; but even where the master is at fault, as in the case of
an unfulfilled promise to remedy a defect, the danger may
be so imminent that an ordinarily prudent man would not
rely upon the promise and would not continue with the work
until the promise was performed. Whether the danger was so
imminent in this case was a question for the jury. The
·danger was, as the defendant argued, not such that a mere
failure to guard the gearing would of itself establish negli-
gence. Gearing must often be left unguarded from the
necessity of the work. Even the statute only requires it to be
guarded when practicable. The accident in this case hap-
pened by reason of the plaintiff's hand slipping off the shift-·
ing lever, an occurrence that must have been unusual. The
danger that his hand would slip and come in contact with the
exposed gearing was not so imminent as to compel the con-
clusion that the plaintiff was negligent in continuing to work
at the unguarded machine and to require the court to take the
case from the jury.

The rule should be discharged.