[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE DEFENDANTS' SPECIALDEFENSES (No. 141)
I. INTRODUCTION
The principal question raised by this motion to strike is whether the defense of assumption of risk applies to a variety of causes of action not sounding in negligence. For the reasons discussed below, I conclude that the defense is inapplicable in the context of this case.
This case involves a landlord-tenant dispute, transferred to this forum from the housing session of the Superior Court, that has escalated into a thick file replete with a multi-count complaint and multiple special defenses. Jerry Donahue ("Donahue"), the plaintiff, is the tenant. He claims that his landlord, S.J. Fish Sons, Inc. ("Fish"), interfered with his tenancy and wronged him in a number of ways. His third revised complaint states six causes of action. Count one is intentional CT Page 10658 infliction of emotional distress. Count two is vexatious suit. (This count arises from a summary process action that was later withdrawn.) Count three is trespass. Count four alleges that Fish failed to comply with Conn. Gen. Stat. § 47a-7, which sets forth a landlord's statutory responsibilities. Count five alleges that by violating § 47a-7, Fish also violated the Connecticut Unfair Trade Practices Act ("CUTPA"), §§ 42-110a, et seq. Count six alleges both a violation of the entry and detainer statute, § 47a-43 and a corresponding violation of CUTPA.
Fish asserts three special defenses in its revised answer to the third complaint: assumption of the risk, estoppel, and — with respect to the sixth count only — the expiration of the statute of limitations. Donahue has moved to strike each of these special defenses. His contentions will be reviewed in turn.
II. ASSUMPTION OF THE RISK
Fish's assumption of the risk defense is stated as follows:
 1. The plaintiff refused help to move to alternative housing and refused to leave the premises after a) receiving notification months in advance that the land would be redeveloped and b) receiving notice prior to the commencement of construction on the surrounding properties.
 2. Any injuries, distress, or consequential damages sustained by the plaintiff were caused by his assuming the risk by choosing to remain on the premises while construction occurred on the surrounding parcels of land.
Donahue's attack on this defense is twofold. He first claims that the defense of assumption of the risk has been statutorily abolished by Conn. Gen. Stat. § 52-572h(1). This assertion, however, finds no support in the statute relied upon. Section52-572h(1) provides that "[t]he legal doctrines of last clear chance and assumption of risk in actions to which this section isapplicable are abolished." (Emphasis added.) Section 52-572h is, as its title indicates, applicable only to negligence actions. This is not a negligence action. It is, consequently, unaffected by § 52-572h(1). CT Page 10659
Donahue's second argument is more persuasive. He claims that assumption of the risk is not a defense to the causes of action asserted in his complaint. This contention is correct.
"The defense of assumption of risk is relatively new to the common law." Thomas v. Holliday ex rel. Holliday, 764 P.2d 165,167 (Okla. 1988). The doctrine was a product of the industrial revolution, designed to insulate employers to the greatest possible extent by defeating the claims of their injured workers.Tiller v. Atlantic Coast Line R.R., 318 U.S. 54, 58-59 (1943). It was adopted by the Connecticut Supreme Court in a case worthy of Dickens. In Hayden v. Smithville Manufacturing Co., 29 Conn. 548
(1861), a ten-year-old boy, working in a mill, was injured when he caught his hand in the gears of a spinning fame. He attempted to show that the machine was defective, but his efforts were to no avail. "The employee," opined the Court, "having knowledge of the circumstances, and entering his service for the stipulated reward, can not complain of the peculiar taste and habits of his employer, nor sue him for damages sustained in and resulting from that peculiar service." Id. at 558.
The harsh doctrine of Hayden is plainly "morally unacceptable" in modern times. Tiller v. Atlantic Coast LineR.R., supra, 318 U.S. at 60. Its original manifestation, as a barrier to suits of servants against their masters, has been abrogated by worker's compensation laws in every jurisdiction. There is considerable debate as to whether the defense of assumption of risk retains any place in the common law of negligence. The Second Restatement recognized it; Restatement(Second) of Torts § 496A (1965); but only after a heated debate among scholars known as "The Battle of the Wilderness."Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 378 n. 3 (Tex. 1963). In the three decades since the adoption of the Second Restatement, the tide has turned markedly against the doctrine. The majority of states have altered or abolished it, either legislatively or by judicial decision. See Perez v.McConkey, 872 S.W.2d 897, 903 (Tenn. 1994) (collecting authorities). As already noted, the Connecticut legislature has statutorily abolished the doctrine in negligence cases. Conn. Gen. Stat. 52-572h(1). The doctrine is outmoded and disfavored.See Blackburn v. Dorta, 348 So.2d 287, 289 (Fla. 1977). Given this widespread repudiation in the doctrinal field of its birth — i.e. negligence law — it would be anomalous to apply the defense to causes of action outside the field of negligence in the absence of compelling authority or convincing argument. CT Page 10660
No persuasive authority or argument has been submitted to justify the use of the doctrine as a defense in the context of this case. In fact, the controlling authority is quite to the contrary. This is a landlord-tenant dispute, in which the tenant claims that certain statutes enacted for the protection of renters have been violated, and the landlord says that the tenant knew of the risk and was free to leave. The landlord's position is not consistent with Connecticut law. "A tenant does not assume a risk which has its basis in the violation of a legislative requirement enacted for his benefit." Panaroni v. Johnson,158 Conn. 92, 109, 256 A.2d 246 (1969). This doctrine was established in L'Heureux v. Hurley, 117 Conn. 347, 168 A. 8 (1933). The plaintiff in L'Heureux fell down a flight of stairs in a building that she occupied as a tenant. She claimed that her landlord had violated a statute requiring public halls in tenement houses to be lit at night. The landlord responded that she had known that he kept the halls dark and had accepted the risk. The Court rejected this defense. It held that "[o]ne cannot waive an obligation owed by another to the public." Id. at 356. If the law were otherwise, it explained, landlords could simply announce that they were no longer lighting their tenements and defeat the claims of injured tenants at will. Id. at 357-58.
L'Heureux is dispositive of Fish's asserted assumption of risk defense to counts four, five, and six of Donahue's complaint. Those counts allege that Fish has violated certain statutes enacted for the protection of tenants and the public interest. Those statutory protections cannot be waived in the way that Fish claims that Donahue has waived them.
Counts one, two, and three are common law counts alleging, respectively, intentional infliction of emotional distress, vexatious suit, and trespass. Fish has cited no authority holding that assumption of the risk is a defense to any of these causes of action, and no such authority, either on the form of case law or of commentary, has been discovered. "Assumption of the risk is a defense to an action for negligence. . . . This is not a negligence action or a defense." First Maryland FinancialServices Corp. v. District-Realty Title Insurance Corp.,548 A.2d 787, 790 (D.C. 1988). The doctrine has been overwhelmingly rejected as a defense to intentional torts. Janelsins v. Button,648 A.2d 1039, 1045 (Md.App. 1994) (citing authorities). Conceptually, assumption of the risk makes no sense as a defense to any of Donahue's common law causes of action. Of course, on CT Page 10661 the trespass count, Fish remains free to show actual consent to his entry; see Hanson v. Carroll, 133 Conn. 505, 508, 52 A.2d 700
(1947), but that is a different question. The defense of assumption of risk, as stated by Fish, is unwarranted in the context of any of these counts.
For these reasons, Fish's first special defense must be stricken.
III. ESTOPPEL
The remaining two special defenses can be considered much more expeditiously. Donahue claims that Fish's estoppel defense must fail because Fish has "failed to plead any facts which support estoppel." A defense of estoppel, however, need not be pleaded at all. Mercanti v. Persson, 160 Conn. 468, 478,280 A.2d 137 (1971). Whether Fish can prove its defense at trial, of course, remains to be seen, but under our law it is unquestionably entitled to assert this defense without specific factual pleading. Fish's second defense should, consequently, not be stricken.
IV. STATUTE OF LIMITATIONS
The background of Fish's statute of limitations defense to Donahue's sixth count must briefly be described. On March 8, 1995, Fish filed a motion to strike the sixth count on the ground that the statute of limitations for the cause of action asserted therein had expired. The essential question raised by that motion was whether the statute of limitations for entry and detainer actions or the longer statute of limitations for CUTPA claims applies to that count. On May 24, 1995, the Hon. Michael Sheldon denied the motion to strike, citing Lees v. Middlesex InsuranceCo., 219 Conn. 644, 653, 594 A.2d 952 (1991). Fish has now raised the same claim in the form of a special defense. At argument, Fish essentially admitted that it was primarily raising this claim for preservation purposes. At the trial court level, however, Judge Sheldon's decision should plainly stand as the law of the case. As Judge Sheldon's citation to Lees indicates, moreover, his decision is correct on the merits. The third special defense must be stricken.
V. CONCLUSION
For the reasons stated above, the motion to strike the first CT Page 10662 and third special defenses is granted. The motion to strike the second special defense is denied.